1 ~~[PROPOSED]~~ PROTECTIVE ORDER
Case No. 2:08-CV-00719-GEB-KJM
2 WENDY R. BEMIS, State Bar No. 218432
KIMBERLY A. WONG, State Bar No. 251193
3 LAW OFFICES OF BEMIS & ASSOCIATES
140 Geary Street, 4th Floor
4 San Francisco, CA 94108
Telephone: 415.367.4578
5 Facsimile: 415.367.4579

6

7 Attorneys for Plaintiff
BERLIN LILLARD

8

9 DAVID R. ONGARO, State Bar No. 154698
   *dongaro@perkinscoie.com*
10 DAVID R. BURTT, State Bar No. 201220
   *dburtt@perkinscoie.com*
11 JONMI N. KOO, State Bar No. 233136
   *jkoo@perkinscoie.com*
12 PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
13 San Francisco, CA 94111-4131
Telephone: 415.344.7000
14 Facsimile: 415.344.7050

15 Attorneys for Defendant
STARBUCKS CORPORATION

16

17 UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
18 SACRAMENTO DIVISION

19

20 BERLIN LILLARD,                          Case No. 2:08-CV-00719-GEB-KJM

21         Plaintiff,                       **[PROPOSED]**
                                            **STIPULATED PROTECTIVE**
22     v.                                   **ORDER REGARDING**
                                            **CONFIDENTIAL INFORMATION**
23 STARBUCKS CORPORATION, a Washington
   Corporation doing business in California; and   Court Modifications Shown in
24 DOES 1 through 100, inclusive,                  Strikeout/Underline Format

25         Defendants.

26

27

28

Plaintiff Berlin Lillard ("Plaintiff") and Defendant Starbucks Corporation ("Defendant"), by and through their respective undersigned counsel, hereby stipulate and agree to, and request entry of, the following Protective Order:

1. The Order shall be applicable to and govern all discovery taken pursuant to the Federal Rules of Civil Procedure, including documents and other tangible objects produced in response to requests for production or as part of answers to interrogatories, responses to requests for admissions, and depositions.

2. A party or third party may designate as "Confidential" any material that the party in good faith believes constitutes or includes proprietary business or financial information, or personal information or information furnished to it in confidence by any third-party, which information is not known or freely accessible to the general public. Good faith also exists where the disclosure would violate the legitimate privacy interests of either party or third parties.

3. Information or materials designated as "Confidential" may be disclosed to the parties for the purposes of the litigation, but must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, or other purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. The designation of information or material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

    (a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" to any document containing any confidential information or material;

    (b) in the case of depositions by a statement on the record, by counsel, during such deposition that the entire transcript or a portion thereof shall be designated as

"Confidential" hereunder. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped "Confidential," and access thereto shall be limited pursuant to the other terms of this Protective Order.

5.   Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed or made available in whole or in part only to the following persons:

(a)   parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)   the parties and employees of the parties, including in-house counsel, whose assistance is needed by counsel for the purposes of this litigation;

(c)   subject to the provisions of paragraph 6 herein, outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, consultants, or investigators shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business. Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

(d)   the Court,

(e)   court reporters employed in connection with this action;

(f)   graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 6 herein;

(g)   non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 6 herein;

(h)   witnesses, including non-party witnesses, in preparation for, and in the

course of, depositions or interviews, or at trial, if, in the reasonable good faith opinion of the parties' counsel, examination with respect to such information is necessary for legitimate discovery or trial purposes; and

(i) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 6 herein.

6. The undersigned counsel shall maintain a list of persons to whom "Confidential" material is disclosed, and such list shall be available for inspection by the Court. The persons receiving "Confidential" material are enjoined from disclosing it to any other person, except as permitted by this Order.

7. If a party wishes to submit to the Court any "Confidential" material, the party shall attempt to obtain agreement from the party that designated the material "Confidential" that the material need not be filed under seal. If no agreement is reached, the party that designated the material as "Confidential" shall have ten (10) calendar days to file a motion to seal the subject material. The parties agree that such motion may be filed *ex parte* and on shortened time. The parties agree that no opposition will be filed to any motion filed pursuant to this paragraph. Nothing in this section shall prevent a party from filing its own "Confidential" material not under seal.

8. A party or third party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge. A party may challenge the other party's designation by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with

the producing party, with confidential portions thereof to be filed provisionally under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

9. All "Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in this Protective Order.

10. All counsel for the parties who have access to information or material designated as "Confidential" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

11. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Protective Order, shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets, or proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Confidential" information or materials itemized in Paragraph 2 above, is properly designated "Confidential"; or

(h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

12. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

13. In the event that information requested from a party contains a third-party's confidential or proprietary information, the producing party will make a good faith attempt to obtain consent of the non-party prior to disclosing such information. If the producing party cannot obtain the third-party's consent, the producing party will notify the requesting party of (a) the existence of the information, and (b) the identity of the non-party. If possible, the producing

party may also redact the third party's confidential information to protect the third-party's interests. Nothing in this Protective Order shall be interpreted to affect any party's obligation to produce responsive documents or information, notwithstanding the fact that it may contain a third-party's confidential or proprietary information.

14.  It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

15.  The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

16.  The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) days of the final resolution of all related litigation between the parties covered by this Protective Order, all "Confidential" material and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed.  Counsel and the parties shall certify in writing that they have complied with this section.

17.  In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use, to the extent allowable by law.  Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order, subject to court approval.

18.  If any party (a) is subpoenaed in another action, (b) is served with a discovery

demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material "Confidential." Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the party shall respond by setting forth the existence of this Protective Order. Once notification is given pursuant to this provision, it shall be the obligation of the party or person that designated the information or materials at issue to challenge such a subpoena, demand, or other legal process, and not the obligation of the party or person that received the subpoena, demand, or other legal process.

DATED: July 24, 2008

**PERKINS COIE LLP**

By: _____/s/_____
        Jonmi N. Koo

Attorneys for Defendant
STARBUCKS CORPORATION

DATED: July 24, 2008

**LAW OFFICES OF BEMIS & ASSOCIATES**

By: _____/s/_____
        Kimberly A. Wong

Attorneys for Plaintiff
Berlin Lillard

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 28, 2008.

_____
U.S. MAGISTRATE JUDGE

18177-0195/LEGAL14470054.1